Wildé J.
delivered the opinion of the Court. The petitioner was prosecuted in the Police Court of the city of Boston for. a violation of the city ordinance for the regulation of the market, passed November 13, 1826, and was tried and convicted of the offence charged; and on an appeal to the Municipal Court, he was again tried and convicted of the same offence in that court. He now petitions for a writ of certiorari to the Municipal Court, suggesting divers errors in the proceedings ; and the general question is, whether for any of the reasons assigned a writ of certiorari ought to issue.
It has been argued by the petitioner’s counsel, that the city ordinance is void, for several reasons.
1. Because it is partial, and does not operate upon all the citizens of the commonwealth equally, but makes a distinction between the citizens of Boston and its vicinity, and the inhabitants of distant towns in the commonwealth. We cannot think that there is any weight in this objection. A regulation of this description could hardly be framed so as to avoid a partial operation arising from local situation and other circumstances. But the partial operation of the ordinance *174 can be no objection to its validity, provided it does not infringe Private rights ; and it is very clear that it does not. The city government had an undoubted right to prohibit the occupation of a stand in the streets by any one, or by any one not having a license or permission for that purpose from the clerk of the market. In the case of Vanderbilt v. Mams, Treasurer of N. Y. Hospital, 7 Cowen, 349, it was decided, that an act authorizing the harbor masters to regulate and station vessels in East and North rivers in New York, and imposing a penalty for disobeying their orders, extends to wharves in the hands of private owners, and is not unconstitutional, but is valid as a police regulation. There is certainly nothing contained in the ordinance in question, which can be pretended to operate as a violation of private rights ; nor does it operate as an improper restraint of trade, but is a wholesome regulation of it, to prevent the market from being unnecessarily thronged and incumbered.[1]
2. But the principal objection to the ordinance is, that it is void for uncertainty. I admit that the term “ vicinity ” is somewhat indefinite, but to a certain extent it is sufficiently explicit. It comprehends, for instance, all adjoining towns, and places in towns not adjoining to a corresponding distance; and we think the term may be considered in a more comprehensive sense, as used in the ordinance, so as to extend the prohibition to all persons who are daily accustomed to bring produce to the market for sale. Whether the petitioner lived within the vicinity of Boston, was a question properly left to the jury under the instructions of the court. The objection would be entitled to more consideration, if the penalty had been indicted for the mere occupation of the stand probibited ; but the penalty was incurred by the petitioner’s refusal to leave the stand he had taken, after being notified so to do by the proper officer. If the petitioner was disposed to try the strength of the ordinance, as it seems he was, he had full *175 knowledge of all the facts, and full notice that he must try tne experiment at his peril.
Another objection to the proceedings is, that there was no sufficient evidence that the petitioner had violated the ordinance. This objection we think is not open to the petitioner on this application. We cannot, on certiorari, examine the merits of a case and set aside a verdict as against evidence.[1] If there is no error in the proceedings, the judgment of the court below would, on' a hearing, be affirmed ; for this cause therefore a certiorari ought not to issue. The instructions to the jury in relation to the evidence were perfectly correct; so that nothing erroneous appears in any of the proceedings.

Petition dismissed.

 See Boston v. Shaw, 1 Metc. 130; Hayden v. Noyes, 5 Conn. R. 391; London v. Crompton, 7 Dowl. & Ryl. 597; Clark v. LeCren, 9 Barn. & Cresw. 52; Austin v. Murray, 16 Pick. 121; Goddard, Petitioner, 16 Pick. 504.

 See Fayt Petitioner, &c. 15 Pick. 243; Albany, Mayor of, &c. ex parte, 23 Wend. 277.