GILBERT HORTON ET UX. *vs.* THE NORWALK TRAMWAY COMPANY.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY AND HALL, JS.

An action lies against a street railway company for negligence resulting in an injury to a passenger while riding for pleasure on Sunday.

[Argued April 26th—decided June 7th, 1895.]

ACTION to recover damages for personal injuries to the plaintiff Martha Horton, sustained by reason of the defendant's negligence; brought to the Superior Court in Fairfield County and heard in damages to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiffs to recover $550 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The injuries suffered by the plaintiff resulted from a collision between two cars of the defendant, which was occasioned by the negligence of its servants. She was riding for pleasure.

on a Sunday afternoon, before sunset, in one of the cars in question, when the accident occurred. The defendant was operating its line on that day as a common carrier of passengers for profit, and she had paid the usual fare. The defendant claimed that the plaintiffs were obliged to trace their cause of action through an illegal contract for transporation on Sunday, and therefore could not recover more than nominal damages; but the court overruled this claim and gave judgment for the actual damages, from which the defendant took this appeal.

*Robert E. DeForest*, for the appellant (defendant).

The plaintiff was compelled to trace her right of action through her own illegal act; and that circumstance should have been considered by the trial court upon the hearing in damages. *Gardiner* v. *N. H. & N. Co.*, 51 Conn., 143; General Statutes, § 1569; *Phalen* v. *Clark*, 19 Conn., 421; *Finn* v. *Donohue*, 35 id., 216; *Frost* v. *Plumb*, 40 id., 111; *Grant* v. *McGrath*, 56 id., 333; *Sheperd* v. *N. H. & N. Co.*, 45 id., 56; *Havens* v. *H. & N. H. R. R. Co.*, 28 id., 94; *Williams* v. *Minor*, 18 id., 465; *Merriam* v. *Meriden*, 43 id., 173; *Gardiner* v. *New London*, 63 id., 267; *Broschart* v. *Tuttle*, 59 id., 20. The case of *Crane* v. *Eastern Trans. Co.*, 48 Conn., 361, does not relieve the plaintiff from the necessity of proving the amount of her damage, and that in turn involves proof of the substantial allegations in her complaint.

*Joseph A. Gray*, for the appellee (plaintiff).

The complaint sets out a good cause of action for tort, irrespective of the contract relation existing between the injured plaintiff and the defendant. *Craft Refrig. Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn., 551; Ray on Negligence of Implied Duties, 19, § 3; *Carroll* v. *Staten Island R. Co.*, 58 N. Y., 126; *Eaton* v. *Boston & L. R. Co.*, 11 Allen, 500; *Union Pac. R. Co.* v. *Nichols*, 8 Kan. 505; *New Orleans, J. & G. N. R. Co.* v. *Hurst*, 36 Miss., 660; *McElroy* v. *Nashua & L. R. Corp.*, 4 Cush., 400; *Hannibal & St. J. R. Co.* v. *Swift*, 79 U. S., 12.

The mere fact that the plaintiff was traveling for an unlawful purpose, viz., traveling for pleasure—would not be a contributory cause, or affect her right to recover in this case against the defendant. Ray on Negligence of Implied Duties of Passenger Carriers, § 149, and cases cited; *Carroll* v. *Staten Island R. R. Co.*, 58 N. Y., 126; *Phila. & R. R. R. Co.* v. *Derby*, 14 How. (U. S.), 468.

The rule in Massachusetts, regarding liability for injury to an unlawful Sunday traveler, does not obtain in Connecticut. *Wood* v. *Erie R. Co.*, 72 N. Y., 197; *Merritt* v. *Earle*, 29 N. Y., 115; Public Acts of 1889, p. 72.

BALDWIN, J. The defendant claims that the plaintiffs' cause of action is founded on a contract which was entered into in violation of General Statutes, § 1569. That section provides that "every person who shall do any secular business or labor, except works of necessity or mercy, or keep open any shop, warehouse, or manufacturing or mechanical establishment, or expose any property for sale, or engage in any sport or recreation, on Sunday, between sunrise and sunset, shall be fined not more than four dollars, nor less than one dollar."

To determine the meaning of these provisions, it is necessary to examine their history. Our statutes, so late as the beginning of this century, required every one to attend public worship on Sunday, unless necessarily prevented, and forbade not only the transaction upon that day of any manner of secular business, upon land or water, but also all recreation, all traveling, except from necessity or charity, and even leaving the house "unless to attend upon the public worship of God, or some work of necessity or mercy." Statutes, Ed. 1808, Title CXL., p. 577. Of these provisions, the following only remained in force in 1875, (Revision of 1875, Title XX., Chapter IX., pp. 521, 522) : —

"Sec. 57. Every person, who shall travel, or do any secular business, or labor, except works of necessity or mercy, or keep open any shop, warehouse, or manufacturing or mechanical establishment, or expose any property for sale, or engage

in any sport or recreation on Sunday, between sunrise and
sunset, shall be fined not more than four dollars, nor less
than one dollar ; but haywards may perform all their official
duties on said day.

"Sec. 58. Every person, who shall be present at any con-
cert of music, dancing, or other public diversion on Sunday,
or on the evening thereof, shall be fined four dollars.

"Sec. 62. Every proprietor or driver of any vehicle, not
employed in carrying the United States mail, who shall allow
any person to travel therein, on Sunday between sunrise and
sunset, except from necessity or mercy, shall be fined twenty
dollars, to be paid to the town in which the offense is com-
mitted."

In 1882, § 57 was amended by striking out the words
"travel or," and in the following year § 62 was repealed.
Public Acts of 1882, p. 124 ; Public Acts of 1883, p. 258.
In 1887, (General Statutes, § 3523) it was provided that no
railroad company shall run any train on any road operated
by it within this State, between sunrise and sunset on Sun-
day, except from necessity or mercy, or for the carriage of
mails or preservation of freight. The terms of this statute,
the manner in which it was incorporated in the Revision of
1888, and the provisions of the Act of 1893, Chapter CLXIX.,
p. 307, "concerning Street Railways," are such as to make
it clear that the legislation of 1887 was not intended to af-
fect railroads of the latter description. In 1889, it was en-
acted that "no person who receives a valuable consideration
for a contract, express or implied, made on Sunday, shall
defend any action upon such contract on the ground that it
was so made, until he restores such consideration." Public
Acts of 1889, Chapter CXXX., p. 72.

In view of this course of legislation, during the last twenty
years, on the subject of the observance of Sunday, it is plain
that the prohibitions of secular business and engaging in rec-
reation, contained in General Statutes, § 1569, must be read
with reference to the environment in which they appeared in
the Revision of 1875. The Act of 1882 was obviously in-
tended to make traveling on Sunday no longer punishable

as an offense against the law, and that of 1883 was passed to relieve from any penalty the owner or driver of the vehicles used for such travel.

The defendant has the general powers, and is subject to the general restrictions, appertaining to street railway companies.    Private Laws, Vol. X., p. 1068; Special Acts of 1893, p. 975, § 8.    Nothing in its charter, or in the public statutes of the State, makes any special provision as to the operation of its road on Sunday.    To continue its operation upon that day was, therefore, not prohibited.    *Carroll* v. *Staten Island R. R. Co.*, 58 N. Y., 126, 132.    The use of vehicles, in which to ride to church or go to the performance of any work of necessity or mercy, on Sunday, has always been permissible.    The letting of vehicles for Sunday travel on the highway, whatever its purpose might be, has not been forbidden since 1883.    The greater includes the less, and when the statute which might have made it illegal to let an entire street car for Sunday use was repealed, it ceased to be illegal to admit a single passenger to a seat in one, upon that day, or to take the usual fare from him for such a ride.    It is true that engaging in any recreation on Sunday is still prohibited by General Statutes, § 1569, and that the term "recreation" may be used in a sense which would include taking a ride for pleasure in a street car.    That it is not so used, however, in the statute in question, is fairly to be implied from the action of the legislature in 1882.

The contract between the company and Mrs. Horton being a valid one, it is unnecessary to inquire whether the plaintiffs' complaint is so drawn as to make it the basis of their action.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.