## PETIT *v.* MINNESOTA.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 194. Argued March 16, 1900. — Decided April 9, 1900.

Section 6513 of the General Statutes of Minnesota for 1894 provides that " All labor on Sunday is prohibited, excepting the works of necessity or charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community; *Provided, however,* That keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards, shall not be deemed a work of necessity or charity." *Held* that the legislature did not exceed the limits of its legislative police power in declaring that, as a matter of law, keeping barber shops open on Sunday is not a work of necessity or charity, while, as to all other kinds of labor, they have left that question to be determined as one of fact.

THE case is stated in the opinion.

*Mr. Joseph W. Molineaux* for plaintiff in error. *Mr. Albert E. Clarke* filed a brief for same.

*Mr. W. B. Douglas* for defendant in error. *Mr. C. W. Somerby* was on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Petit was tried and convicted of keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards, contrary to section 6513 of the General Statutes of Minnesota for 1894, and the judgment was affirmed by the Supreme Court of Minnesota. 74 Minn. 376. This writ of error was then allowed.

Section 6513 reads as follows: " All labor on Sunday is prohibited, excepting the works of necessity or charity. In works of necessity or charity is included whatever is needful during the day for good order, health or comfort of the community: *Provided, however,* That keeping open a barber shop on Sunday

for the purpose of cutting hair and shaving beards, shall not be deemed a work of necessity or charity."

We have uniformly recognized state laws relating to the observance of Sunday as enacted in the legitimate exercise of the police power of the State. The subject was fully considered in *Hennington* v. *Georgia*, 163 U. S. 299, and it is unnecessary to go over the ground again. It was there said : " The legislature having, as will not be disputed, power to enact laws to promote the order and to secure the comfort, happiness and health of the people, it was within its discretion to fix the day when all labor, within the limits of the State, works of necessity and charity excepted, should cease." And these observations of Mr. Justice Field, then a member of the Supreme Court of California, in *Ex parte Newman*, 9 Cal. 502, whose opinion was approved in *Ex parte Andrews*, 18 Cal. 678, in reference to a statute of California relating to that day, were quoted : " Its requirement is a cessation from labor. In its enactment, the legislature has given the sanction of law to a rule of conduct, which the entire civilized world recognizes as essential to the physical and moral well-being of society. Upon no subject is there such a concurrence of opinion, among philosophers, moralists and statesmen of all nations, as on the necessity of periodical cessation from labor. One day in seven is the rule, founded in experience, and sustained by science. . . . The prohibition of secular business on Sunday is advocated on the ground that by it the general welfare is advanced, labor protected, and the moral and physical well-being of society promoted." Well-nigh innumerable decisions of the state courts have sustained the validity of such laws.

But it is contended that by reason of the proviso this act must be held unconstitutional, because thereby restricted in its operation on the particular class of craftsmen to which Petit belonged as contradistinguished from other classes of labor. The proviso was added in 1887 to section 225 of the Penal Code of Minnesota of 1885, (Laws, Minn. 1887, c. 54.)

By the original statute all labor was prohibited, excepting the works of necessity or charity, which included whatever was needful during the day for the good order, health or comfort

of the community. As the Supreme Court said, if keeping a barber's shop open on Sunday for the purposes of shaving and hair cutting was not a work of necessity or charity, within the meaning of the statute as it originally read, the amendment did not change the law. And it would be going very far to hold that because out of abundant caution the legislature may have sought to obviate any misconstruction as to what should be considered needful, during that day, for the comfort of the community, as respected work generally so desirable as tonsorial labor, by declaring the meaning of the statute as it stood, therefore the law was transferred to the category of class legislation. The legislature had the right to define its own language, and the statute thus interpreted could not reasonably be held to have made any discrimination.

The question is not whether the bare fact of shaving some particular individual under exceptional circumstances might not be upheld, but whether the public exercise of the occupation of shaving and hair cutting could be justified as a work of necessity or charity.

In *Phillips* v. *Innes*, 4 Clark & Finnelly, 234, the House of Lords held that shaving on Sunday was not a work of necessity or mercy or charity. The act, 29 Car. II, c. 7, prohibited work on the Lord's day, "works of necessity and charity only excepted;" and by the Scotch statute of 1579, c. 70, it was enacted, among other things, that "no handy-labouring or working be used on the Sunday;" and the same prohibition was enacted by the statute of 1690, c. 7, which added to the private and public exercise of worship, "the duties of necessity or mercy." The case came to the House of Lords from the Court of Sessions, and Lord Chancellor Cottenham said : "This work is not a work of necessity, nor is it a work of mercy, it is one of mere convenience; and if your Lordships were to act upon this case as a precedent for other cases, founded upon no more than convenience, your Lordships would, I apprehend, be laying down a rule, by which the law of Scotland prohibiting persons from carrying on their ordinary business on Sundays, would be repealed, or rendered useless."

Lord Wynford concurred, saying : "It was not necessary that

people should be shaved on Sunday in a public shop; it was not an act of mercy, it was clearly an act of handicraft."

Lord Brougham was of the same opinion, and observed that "he whose object was gain, did not come within the exception."

In *Commonwealth* v. *Waldman*, 140 Penn. St. 89, 98, the Supreme Court of Pennsylvania said: "We are now asked to say that shaving is a work of 'necessity,' and therefore within the exceptions of the act of 1794. It is, perhaps, as much a necessity as washing the face, taking a bath, or performing any other act of personal cleanliness. A man may shave himself, or have his servant or valet shave him, on the Lord's day, without a violation of the act of 1794. But the keeping open of his place of business on that day by a barber, and the following his worldly employment of shaving his customers, is quite another matter; and, while we concede that it may be a great convenience to many persons, we are not prepared to say, as a question of law, that it is a work of necessity within the meaning of the act of 1794."

In *State* v. *Frederick*, 45 Arkansas, 347, the court ruled that: "The courts will take judicial notice that the shaving of his customers by a barber is a worldly labor, or work done by him in the course of his ordinary calling, and not within the exceptions of the statute."

On the other hand, the Supreme Judicial Court of Massachusetts held in *Stone* v. *Graves*, 145 Mass. 353, that it could not be ruled, as matter of law, that the work of shaving an aged and infirm person in his own house on the Lord's day was not a work of necessity.

And in *Ungericht* v. *State*, 119 Indiana, 379, it was held by the Supreme Court of Indiana that it must be left to the jury, as a question of fact, to determine, under proper instructions from the court, what particular labor, under the circumstances, would constitute a work of necessity.

We think that the keeping open by barbers of their shops on Sunday for the general pursuit of their ordinary calling was, as matter of law, not within the exceptions of the statute as it read before the amendment.

But even if the question whether keeping open a barber's shop

on Sunday for cutting hair and shaving beards, under some circumstances, was a work of necessity or charity was a question of fact under the original act, which was foreclosed as such by the amendment, the result is the same.

Assuming that the proviso did have this effect, the Supreme Court was of opinion that the classification was not purely arbitrary. The court pointed out that the law did not forbid a man shaving himself or getting some one else to shave him, but the keeping open a barber's shop for that purpose on Sunday; that the object mainly was to protect the employees by insuring them a day of rest; and said: "Courts will take judicial notice of the fact that, in view of the custom to keep barbers' shops open in the evening as well as in the day, the employés in them work more, and during later hours, than those engaged in most other occupations, and that this is especially true on Saturday afternoons and evenings; also that, owing to the habit of so many men to postpone getting shaved until Sunday, if such shops were to be permitted to be kept open on Sunday, the employés would ordinarily be deprived of rest during half of that day.

"In view of all these facts, we cannot say that the legislature has exceeded the limits of its legislative police power in declaring that, as a matter of law, keeping barbers' shops open on Sunday is not a work of necessity or charity, while as to all other kinds of labor they have left that question to be determined as one of fact."

We recognize the force of the distinctions suggested and perceive no adequate ground for interfering with the wide discretion confessedly necessarily exercised by the States in these matters, by holding that the classification was so palpably arbitrary as to bring the law into conflict with the Federal Constitution. *Orient Insurance Company* v. *Daggs*, 172 U. S. 557.

*Judgment affirmed.*