# ATCHISON, TOPEKA & SANTA FÉ RAILWAY COMPANY v. VOSBURG.

## ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 189. Submitted March 10, 1915.—Decided June 1, 1915.

Legislation requiring the prompt furnishing of cars by carriers and the prompt loading of same by shippers and prescribing damages and penalties for failure on the part of either, is properly within the police power of the State; in that respect such legislation differs from that which simply imposes penalties on the carrier for failure to pay a specified class of debts. *Gulf, Col. & S. F. Ry.* v. *Ellis*, 165 U. S. 150, distinguished.

A police regulation is, the same as any other statute of the State, subject to the equal protection clause of the Fourteenth Amendment.

That guarantee, while not preventing proper classification, does entitle all persons and corporations within the jurisdiction of the State to the protection of equal laws, including police regulations.

A state statute which imposes reciprocal burdens on both carrier and shipper, but which provides that in the case of delinquency on the part of the carrier the shipper may recover an attorney fee, but in the case of delinquency on the part of the shipper does not provide that the carrier may recover an attorney fee, denies the carrier the equal protection of the law guaranteed by the Fourteenth Amendment.

Such a classification is not a reasonable one and there is no ground on which a special burden should be imposed on one class of litigants and not on another class identically situated.

89 Kansas, 114, reversed.

THE facts, which involve the constitutionality of the reciprocal demurrage law of Kansas of 1905 under the equal protection provision of the Fourteenth Amendment, are stated in the opinion.

*Mr. Gardiner Lathrop, Mr. Robert Dunlap, Mr. William R. Smith* and *Mr. William Osmond* for plaintiff in error.

*Mr. Arthur M. Jackson* and *Mr. Wilber E. Broadie* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The Federal question involved in this case is concisely stated in the opening paragraph of the opinion of the Supreme Court of Kansas (89 Kansas, 114), whose judgment we have under review:

"Chapter 345 of the laws of 1905, as amended by chapter 275 of the laws of 1907 [Gen. Stat. 1909, § 7201 *et seq.*], concerns the furnishing of cars by railway companies to shippers of freight. When cars applied for under this statute are not duly furnished, the railway company is liable to the shipper for all actual damages suffered, for a penalty of five dollars per day for each car not supplied, and for a

reasonable attorney fee. Shippers who fail to use cars
placed at their disposal are subject to a penalty for their
detention, but are not liable for attorney fees. The plain-
tiff [Vosburg] recovered a judgment against the defendant
for a violation of this statute, including an attorney fee,
and the defendant appeals on the ground that the provi-
sion relating to attorney fees denies it the equal protection
of the law guaranteed by the Federal Constitution."

Upon a review of certain decisions of this court, viz.,
*Gulf, Colorado & Santa Fé Ry.* v. *Ellis*, 165 U. S. 150;
*Atchison, Topeka &c. Railroad* v. *Matthews*, 174 U. S. 96;
*Fidelity Mutual Life Assoc.* v. *Mettler*, 185 U. S. 308, and
*Farmers' &c. Ins. Co.* v. *Dobney*, 189 U. S. 301, the state
court held (p. 130), that since the Act in question is a
police regulation prescribing duties properly enforceable
by penalties in the form of per diem forfeits and attorney
fees recoverable in suitable actions, and because of the con-
trol of railroad companies over their cars, their capacity
to disturb and obstruct trade, and the helplessness of
shippers when cars are carelessly or arbitrarily withheld,
railroad companies might properly be placed in a class by
themselves for the purpose of securing sufficient car serv-
ice, and that the equal protection of the law required no
more than that all railway companies should be penalized
alike. The court, in conclusion, said: "It is true that
shippers may offend somewhat by failing to make ex-
peditious use of cars when furnished them. Whether or
not they too shall be penalized, and if so to what extent,
is a fit subject for legislative consideration. But the rail-
road companies cannot [complain] if the legislature chooses
to exempt shippers from any punishment, or chooses to
prescribe some penalty suitable to the nature of their de-
linquency, but different from that imposed upon the com-
panies themselves."

The enactment in question is commonly called the "re-
ciprocal" or "mutual" demurrage law. (82 Kansas, 260;

85. Kansas, 282.)  It provides that a railway company failing to furnish cars upon proper application shall pay, to the party applying, "five dollars per day for each car failed to be furnished as exemplary damages, . . . and all actual damages that such applicant may sustain for each car failed to be furnished, together with reasonable attorney-fees."  At the same time it requires the applicant to load the cars within 48 hours after they are placed, "and upon failure to do so he shall pay to the company the sum of five dollars per day for each car not used, while held subject to the applicant's order. . . . And if the said applicant shall not use such cars so ordered by him, and shall so notify the said company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein prescribed, the actual damages that such company may sustain by the said failure of the said applicant to use said cars."

We agree that this legislation is properly to be regarded as a police regulation, and in that respect differs from the act that was under consideration in the *Ellis Case, supra,* which simply imposed a penalty upon railroad corporations for a failure to pay certain debts.  But we cannot at all agree that a police regulation is not, like any other law, subject to the "equal protection" clause of the Fourteenth Amendment.  Nothing to that effect was held or intimated in any of the cases referred to.  The constitutional guaranty entitles all persons and corporations within the jurisdiction of the State to the protection of equal laws, in this as in other departments of legislation.  It does not prevent classification, but does require that classification shall be reasonable, not arbitrary, and that it shall rest upon distinctions having a fair and substantial relation to the object sought to be accomplished by the legislation.  Thus, in *Atchison, Topeka &c. R. R. Co.* v. *Matthews, supra,* the responsibility imposed upon railroad companies for attorneys' fees in addition to damages was sustained

because designed to enforce care on the part of those companies to prevent the communication of fire and the destruction of property along their lines,—a duty imposed upon them and not upon the owners of the property. We need not review the decisions; the subject being so familiar that extended discussion is unnecessary.

The precise question now presented is: What is there in the object of the legislation under consideration that furnishes a ground of distinction between railway company and shipper upon which it is reasonable to say that the latter should be allowed to recover attorney fees when it successfully sues the former, and not *vice versa?* The statute recognizes that the duty of the company to promptly furnish cars, and the duty of the shipper to promptly use them, are reciprocal, and for a breach of either duty the delinquent is penalized in favor of the other party in precisely the same amount—five dollars per day per car. The shipper may also recover his actual damages, if any. The company recovers actual damages, in addition to the penalty, only under special circumstances. No complaint is now made that this is a denial of equal protection, and we lay no stress upon it. But the statute clearly recognizes that either party may be obliged to sue the other in order to recover the penalty, or damages, or both. No reason is suggested, and none occurs to us, why the railroad company, when plaintiff in such an action, will not require the services of an attorney as well as the shipper when he is plaintiff. There is nothing in the nature of the cause of action that renders the burden of preparation more onerous, as a rule, to the shipper when he is plaintiff than to the company when it is plaintiff. There is nothing discernible, therefore, in the purposes of the legislation—which are: to require the prompt furnishing of cars for use, and the prompt use of cars when furnished, and to redress a disregard of either of these requirements by suit when necessary—to give ground for a distinction granting at-

torney's fees to the shipper when he sues, and denying attorney's fees to the company when it sues. In short, it is erroneous to test the classification by its supposed relation to the object of securing adequate car service, because it really relates rather to the object of securing adequate prosecution in court of actions respecting car service.

In *Missouri, Kansas & Texas Ry.* v. *Cade,* 233 U. S. 642, 650, we had under consideration a Texas statute respecting claims of certain classes against persons or corporations doing business in the State, which provided that if any such claim were not paid within a limited time after presentation, suit might be instituted thereon, and if plaintiff obtained judgment for the full amount of the claim as presented he should recover the amount claimed and costs, and in addition a reasonable amount as attorney's fees. In sustaining the act we said (p. 650): "If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the 'equal protection' clause. This is not a discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued. *Actor* and *reus* differ in their respective attitudes towards a litigation; the former has the burden of seeking the proper jurisdiction and bringing the proper parties before it, as well as the burden of proof upon the main issues; and these differences may be made the basis of distinctive treatment respecting the allowance of an attorney's fee as a part of the costs." (Citing *Atchison, Topeka &c. Railroad* v. *Matthews,* 174 U. S. 96; and *Farmers' &c. Ins. Co.* v. *Dobney,* 189 U. S. 301.)

The present case is essentially different, for in the Kansas statute the distinction is not rested upon the fact that the plaintiff, whether shipper or company, has a special burden in the litigation that may reasonably be compen-

sated by allowance of attorney's fees; on the contrary, the Act, while recognizing the existence of such burden, allows compensation for it in favor of one class of litigants, but does not allow like compensation to the other class when subjected to the like burden. This, in our opinion, is a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment.

*Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*