STATE OF CONNECTICUT *v.* CHARLES HURLIMAN

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 3—decided June 19, 1956

*George W. Ganim,* with whom, on the brief, was *Raymond W. Ganim,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

INGLIS, C. J. The defendant was charged with and convicted of the crime of "selling or exposing for sale certain goods, wares or merchandise" on Sunday in violation of § 2492c of the 1953 Cumulative Supplement (as amended, Cum. Sup. 1955, § 3302d). He has appealed, assigning as error the overruling of his claim that the statute is unconstitutional.

There is no dispute as to the facts. The defendant was the proprietor of a delicatessen store in Milford. On Sunday, March 13, 1955, he sold one-half pound of liverwurst to a customer. The sale was not one of necessity or mercy, nor was it within any of the classes of sales excepted from the prohibition of the statute. The defendant was not excepted from the operation of the statute because of any religious beliefs. General Statutes § 8609.

Section 2492c is entitled "Work and recreation on Sunday." It is long. So far as it is applicable to the present case, it reads: "Any person who shall do, or require an employee to do, any secular business or labor, except works of necessity or mercy, or, unless required by necessity or mercy, keep open any shop, warehouse or manufacturing or mechanical establishment, or sell or expose for sale any goods, wares or merchandise, or, except as hereinafter provided, engage in any sport, between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following, shall be fined . . . . The provisions of this section shall not prohibit the making of emergency repairs to motor vehicles, . . . including the furnishing of any labor or the sale of gasoline necessary to permit the same to proceed under their own power . . . . The foregoing provisions of this section shall not apply to any amateur ball game or other outdoor game or sport by or between amateurs on Sunday; provided no admission fee shall be

charged and the same shall be so conducted as not to interfere with public worship or disturb the reasonable comfort, quiet and peace of any person . . . . The sale of milk, bakery products, fruit, ice, ice cream, confectionery, non-alcoholic beverages, tobacco in any form, smokers' supplies, newspapers and other periodicals, drugs or supplies and repair parts for motor vehicles . . . by retail dealers whose places of business are open for the sale thereof on secular days, shall not be a violation of the provisions of this section."

The defendant's principal contention is that the statute is discriminatory because, although it prohibits the sale of goods, wares and merchandise generally on Sunday, it permits the sale of a considerable number of specified articles. For that reason, he says, it is violative of the equal protection of the laws clause contained in article first, § 1, of the Connecticut constitution and in § 1 of the fourteenth amendment to the federal constitution.

A statute does not necessarily violate these constitutional provisions merely because it grants certain privileges or immunities to one class of persons and denies them to another class. "The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws." *Soon Hing* v. *Crowley,* 113 U.S. 703, 709, 5 S. Ct. 730, 28 L. Ed. 1145. We have stated the law on this subject as follows: "Legislation, even though it is within the police power, may be violative of due process if it is discriminatory in that it deals differently with different classes of persons

without the existence of some natural and substantial difference, germane to the subject and purposes of the legislation, between those within the class included and those whom it leaves untouched. *State* v. *Cullum,* 110 Conn. 291, 295, 147 A. 804; *Lyman* v. *Adorno,* 133 Conn. 511, 521, 52 A.2d 702." *Schwartz* v. *Kelly,* 140 Conn. 176, 181, 99 A.2d 89. "The constitutional guaranty . . . does not prevent classification, but does require that classification shall be reasonable, not arbitrary, and that it shall rest upon distinctions having a fair and substantial relation to the object sought to be accomplished by the legislation." *Atchison, T. & S.F. Ry. Co.* v. *Vosburg,* 238 U.S. 56, 59, 35 S. Ct. 675, 59 L. Ed. 1199.

It is fundamental that no one will be heard to question the constitutionality of a statute unless he is adversely affected by it. *State* v. *Donahue,* 141 Conn. 656, 665, 109 A.2d 364; *McAdams* v. *Barbieri,* 143 Conn. 405, 411, 123 A.2d 182. The defendant as a retailer of food can be adversely affected only if other retailers of food, his competitors, are granted privileges which he does not have. Accordingly, the question in the present case narrows down to this: Does the statute, by denying to retailers of most kinds of food the right to sell on Sunday and at the same time permitting the sale of some kinds of food, treat the one class of retailers differently from the other when there is no substantial difference between them germane to the subject matter and purpose of the legislation?

There is no disputing the fact that the statute prohibits in general terms the sale and offering for sale of foodstuffs except when the sale is an act of mercy or necessity. On the other hand, by way of exception, it permits the sale of milk, bakery products, fruit, ice cream, confectionery and nonalcoholic

beverages. Thus, those who retail meats, groceries and delicatessen products are treated differently from those who retail the various foods specified in the exception.

The purpose of the statute, as its title and history indicate, is to secure a fitting observance of Sunday both as a day for religious worship and as a day for rest and recreation. *State* v. *Miller,* 68 Conn. 373, 376, 36 A. 795. Over the years the trend has been toward a liberalization of the law to permit labor and other activities which promote the recreational purposes of the day. See *Horton* v. *Norwalk Tramway Co.,* 66 Conn. 272, 274, 33 A. 914. It is obvious that to preserve a proper balance between the observance of Sunday as a holy day devoted to religious worship and its observance as a day of rest and recreation is not an easy task. Just where the line shall be drawn between prohibited and permitted activities is a matter concerning which there is nothing like unanimous agreement. Of necessity, therefore, the legislature must have a wide discretion in determining what the law should prohibit and what it should allow. *Silver* v. *Silver,* 108 Conn. 371, 376, 143 A. 240; *Petit* v. *Minnesota,* 177 U.S. 164, 168, 20 S. Ct. 666, 44 L. Ed. 716; *State* v. *Towery,* 239 N.C. 274, 277, 79 S.E.2d 513.

If we bear in mind that the purpose of the General Assembly is the double purpose of preserving the religious character of Sunday and encouraging the use of the day for rest and recreation, it becomes apparent that there is a reasonable basis for excepting from the prohibition of the statute the sale of certain foodstuffs. The reason for allowing the sale of milk, bakery products, fruit, ice cream and confectionery may be either that without refrigeration they are perishable and therefore may

better be bought fresh on Sunday instead of being held over from some other day or that they are foods which normally are staples and so are frequently needed. It follows that between retailers of the foods listed in the exception and retailers of other foods there is a substantial difference germane to the purposes of the statute, and therefore the distinction made between the two classes of food retailers is not so discriminatory as to constitute an unconstitutional denial of the equal protection of the laws.

The question whether Sunday laws are unconstitutional because they deny the equal protection of the laws has frequently been decided in other jurisdictions, and the cases hold both ways. Notes, 46 A.L.R. 290, 119 A.L.R. 752. These cases, however, since they involve statutes or ordinances different in form from the Connecticut statute, are not of any great value as precedents. For instance, some ordinances which have been held invalid undertook to require stores generally to remain closed on Sundays but permitted certain stores to remain open, such as drugstores in which might be sold the same sort of merchandise as was usually dealt in on secular days in the closed stores. *Elliott* v. *State,* 29 Ariz. 389, 397, 242 P. 340; *Mt. Vernon* v. *Julian,* 369 Ill. 447, 454, 17 N.E.2d 52. Such legislation makes a distinction among stores in which products are sold, not among the products dealt in. This obviously is a discrimination quite different in kind from that involved in the Connecticut statute. In our statute all dealers in any particular item of merchandise are treated alike. Cases in which legislation similar to ours has been held valid are *Petit* v. *Minnesota,* supra; *Ness* v. *Supervisors of Elections,* 162 Md. 529, 538, 160 A. 8; *People* v. *Friedman,*

302 N.Y. 75, 80, 96 N.E.2d 184; *State* v. *Diamond,* 56 N.D. 854, 855, 219 N.W. 831; *Seattle* v. *Gervasi,* 144 Wash. 429, 433, 258 P. 328.

The defendant also claims that § 2492c is vague in its definition of the crime for which it imposes a penalty and therefore contravenes the due process of law clause in § 1 of the fourteenth amendment to the federal constitution. It is, of course, true that due process requires that a penal statute "be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Connally* v. *General Construction Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322; *International Harvester Co.* v. *Kentucky,* 234 U.S. 216, 223, 34 S. Ct. 853, 58 L. Ed. 1284.

The specific contention of the defendant is that the statute is vague at the point where it provides that the "sale of . . . newspapers and other periodicals, . . . or supplies and repair parts for motor vehicles" is excepted from the prohibition contained in the main body of the statute. It is a sufficient answer to the defendant's claim in this regard that by no stretch of the imagination could the sale of liverwurst come within the exceptions just mentioned. Even though the statute were vague in the definition of those exceptions, that would not render vague or uncertain the portion under which the defendant was convicted. *Beach* v. *Bradstreet,* 85 Conn. 344, 352, 82 A. 1030; 11 Am. Jur. 834. Accordingly, the defendant has no standing to claim the statute unconstitutional on the ground of uncertainty.

There is no error.

In this opinion the other judges concurred.