## STATE OF CONNECTICUT *v.* VAN CLEVE SHUSTER

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 9—decided July 8, 1958

*Curtiss K. Thompson,* with whom were *H. Donald Harris* and, on the brief, *Joseph J. Mager,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

Mellitz, J. The defendant was convicted, after a trial to the jury, of selling merchandise on Sunday in violation of § 3302d of the 1955 Cumulative Supplement to the General Statutes. He has appealed from the denial of a motion for judgment notwithstanding the verdict.

The defendant owns and operates, in Milford, a retail store known as Van Cleve's China and Glass Store. The inventory carried in his store consists of a large variety of china, glassware, tableware, lamps, candles and household furnishings. The great majority of the items are reproductions of antiques. The prosecution was based upon the sale by the defendant of two candles described as snowball candles. They were not antiques or reproductions of antiques. Section 3302d (now Public Acts 1957, No. 614, § 2) prohibits secular business or labor, except works of necessity or mercy, on Sunday, as well as the sale or exposing for sale of any goods, wares or merchandise. Exempted from the operation of the statute is the sale of a number of articles, among which are antiques. The specific claim of the defendant is that because the statute allows the sale of antiques on Sunday but purports to bar the sale of candles it is unconstitutional as a denial to the defendant of the equal protection of the laws in contravention of article first, § 1, of the constitution of Connecticut and § 1 of the fourteenth amendment to the constitution of the United States.

The constitutionality of the statute as it stood prior to certain amendments enacted in 1955 was considered and upheld in *State* v. *Hurliman,* 143 Conn. 502, 123 A.2d 767. The prosecution in that case was based on a violation which occurred prior to the effective date of the 1955 amendments. Among those amendments was the addition of antiques to the list of articles exempted from the operation of the statute. The claim of the defendant is that he and dealers in antiques are alike in the business of selling household furnishings, the only necessary difference between their merchandise being a matter of age, and that the classification in the statute is unreasonable and renders the statute, in its present form, discriminatory and unconstitutional.

In essence, the claims made by the defendant are the same as those which were presented and disposed of in the *Hurliman* case, supra. It was there held (p. 505) that the equal protection clauses in article first, § 1, of the Connecticut constitution and § 1 of the fourteenth amendment to the federal constitution were not violated by reason of the fact that the statute permitted the sale of certain specified articles while prohibiting the sale of all others, so long as the statute accorded the same rights to all who engaged in the same business. None of the defendant's competitors are granted privileges not accorded to him. All are treated alike. Anyone may sell any of the exempted articles. The defendant can be adversely affected only if his competitors are granted privileges he does not have. The statute is uniform in its operation and does not, in this respect, violate constitutional requirements. *State* v. *Hurliman,* supra, 508; *Gundaker Central Motors, Inc.* v. *Gassert,* 23 N.J. 71, 80, 127 A.2d 566; *State* v. *Grabinski,* 33 Wash. 2d 603, 607, 206 P.2d 1022;

*State* v. *Diamond,* 56 N.D. 854, 858, 219 N.W. 831.

The defendant claims that the classification excluding the sale of antiques from the bar of the statute is unreasonable. He argues that there is no substantial difference between the merchandise of an antique dealer and modern household furnishings, whether or not they are reproductions of antiques, which is germane to the subject and purposes of the legislation and could conceivably constitute a valid reason for permitting the sale of an antique on Sunday while prohibiting the sale of its modern counterpart. If, he says, the sale of any household furnishings is to be allowed on Sunday, the sale of all should be. In the *Hurliman* case, supra, 507, a similar claim was considered in relation to the distinctions made by the statute in permitting the sale of certain foods while prohibiting the sale of others.

In considering the validity of a classification by the legislature of articles it may from time to time see fit to exempt from the bar of the statute, we must bear in mind that the primary purpose of the legislation is not to enforce an institute of religion. *Wetherell* v. *Hollister,* 73 Conn. 622, 625, 48 A. 826. Although such statutes as this may be said to have had a religious origin, they are upheld as a valid exercise of the police power in recognition of the fact "that the first day of the week by general consent is set apart 'for rest', in accord with the general experience of mankind that it is wise and necessary to set apart such a day at stated intervals for both the physical and moral welfare of the members of a State or community." *People* v. *Friedman,* 302 N.Y. 75, 79, 96 N.E.2d 184, appeal dismissed, 341 U.S. 907, 71 S. Ct. 623, 95 L. Ed. 1345; *Soon Hing* v. *Crowley,* 113 U.S. 703, 710, 5 S. Ct. 730, 28 L. Ed.

1145; *Hennington* v. *Georgia,* 163 U.S. 299, 304, 318, 16 S. Ct. 1086, 41 L. Ed. 166; *Petit* v. *Minnesota,* 177 U.S. 164, 165, 20 S. Ct. 666, 44 L. Ed. 716. Such legislation is being increasingly regarded as day-of-rest legislation rather than as Sabbath or Sunday closing laws. *State* v. *Grabinski,* 33 Wash. 2d 603, 606, 206 P.2d 1022. The *Hurliman* opinion, supra, 507, pointed out that one of the purposes of the statute was to encourage the use of the day for rest and recreation. Rest does not necessarily mean inactivity, and recreation may include many diversions and activities affording relaxation and enjoyment. The difficulty presented in determining what should be permitted on Sunday and what prohibited, in order to accord with the purposes and objectives of the legislation, was discussed in the *Hurliman* case, supra. It was held that of necessity the legislature must have a wide discretion in determining what the law should prohibit and what it should allow. "[T]hat there are discriminations which cannot be explained or justified by reasons is possibly true. But what is tolerable and what intolerable in Sunday observance seems to be a question which cannot be fully answered by a process of reason. . . .[T]he legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded." *Ness* v. *Supervisors of Elections,* 162 Md. 529, 538, 160 A. 8. The question of classification is primarily for the legislature, and the courts will not interfere unless the classification is clearly unreasonable. *Silver* v. *Silver,* 108 Conn. 371, 378, 143 A. 240.

The defendant does not question that antiques constitute a special and particular class of merchandise whose distinguishing characteristic is age. The

word "antique" is defined in Webster's New International Dictionary (2d Ed.) as follows: "1. In general, anything very old; . . . (b) A relic or object of ancient art; collectively, *the antique,* the remains or style of ancient art, as busts, statues, paintings, and vases. . . . (c) A piece of furniture, tableware, or the like, made at a much earlier period than the present." It must be assumed that the legislature, among other considerations, had in mind these definitions of the word "antique" and that in extending the class of items permitted to be sold on Sunday to include antiques it was extending, for those attracted to such articles, the recreational aspects of the Sunday law. It can hardly be questioned that items properly classified as antiques are of the same category as works found on display in museums and similar repositories. It was pointed out in the *Hurliman* case, supra, that over the years the trend has been toward a liberalization of the Sunday law to permit activities which promote the recreational purposes of the day. It may well be assumed that for many persons the acquisition of antiques is the pursuit of an enjoyable hobby or avocation and that for such persons browsing among the works of art and the products of the skill and craftsmanship of an era gone by, as they are commonly displayed in antique shops, may afford an experience and induce a reaction similar to that afforded and induced by a visit to a museum or art gallery. If it is so assumed, it may not be doubted that the recreational and cultural aspects of Sunday are being furthered by permitting such articles to be displayed and sold on that day. It may well be, too, that an important factor in the contemplation of the legislature was the realization that the purchase of antiques may be a time-consuming enterprise, to be undertaken only

on a week end, when ample time is available. He "who assails the classification must assume the burden of showing that it does not rest upon any reasonable basis, and we must assume the existence of any state of facts which can reasonably be conceived of as existing at the time of the enactment of the law." *State* v. *Cullum,* 110 Conn. 291, 296, 147 A. 804. The classification of antiques among the articles exempt from the operation of the statute rests upon fair distinctions and bears a substantial relation to the purposes of the legislation. *Atchison, T. & S. F. Ry. Co.* v. *Vosburg,* 238 U.S. 56, 59, 35 S. Ct. 675, 59 L. Ed. 1199. There is no basis for holding invalid the addition of antiques to the class of articles exempt from the operation of the statute.

There is no error.

In this opinion the other judges concurred.