JOSEPH WALSH, JOHN J. GLEN, LEWIS MEDKAFF, MORRIS E. WORRALL, WILLIAM F. CONNOLLY, AUGUSTIN WALSH and IGNATIUS DOMERSKI, Petitioners Below, Plaintiffs in Error, *vs.* THE STATE OF DELAWARE, Respondent Below, Defendant in Error.

(*October* 25, 1927.)

WOLCOTT, Chancellor, PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*E. Ennalls Berl* for plaintiffs in error.

*Clarence A. Southerland*, Attorney-General, for defendant in error.

Supreme Court, June Term, 1927.

No. 87, November Term, 1926.

WOLCOTT, Chancellor, delivering the opinion of the court, after making the foregoing statement:

The statute (*Rev. Code* 1915, § 4784) under which the plaintiffs in error were convicted is as follows:

"Whoever shall perform any worldly employment, labor, or business, on the Sabbath day (works of necessity and charity excepted), shall be fined * * * * * * Whoever shall be guilty of fishing, fowling, horseracing, cockfighting or hunting game on the Sabbath day, shall be fined. * * * If any number of persons shall assemble to game, play, or dance, on the Sabbath day; and shall engage, or assist, in such game, play, or dance, every such person shall be fined," etc.

It is with the first sentence of the statute that we are concerned in this case, for it was under that portion of the statute that the plaintiffs in error were prosecuted.

One of the contentions of the plaintiffs in error is that the acts which they are charged with having committed do not constitute a violation of the statute because said acts fall within the exception which exempts works of charity and necessity from its condemnation. That the playing of a game of football is a work of charity is not claimed by the plaintiffs in error. They do contend, however, that inasmuch as indulgence in outdoor sports is necessary for the preservation of health, the playing of the game in question must be regarded as a work of necessity. Recreation and physical exercise are undoubtedly quite necessary for the welfare of men. They minister to that welfare by promoting the health and strength of both mind and body. With an equal show of reason it may be demonstrated that most of the activities of men, including those even of a purely mercantile and industrial character, are likewise necessary for the preservation and promotion of human welfare. Yet no one, we conceive, would contend that the element of necessity which inheres in industrial and mercantile activities is of the sort that would bring such activities within the meaning of the phrase "works of necessity" as employed in such statutes as we are now considering. It must, therefore, be that the character of "necessity" which the excepted work should possess in order to fall within the meaning of the statute's saving clause, must gather its complexion from something additional to that which we find in the nature of the work itself. That additional something, we think, must be found in the relation of the work's alleged necessity to the doing of it on the Sabbath day. If there is no such immediate human need to be met as reasonably requires the doing of the act on the Sabbath, that is to say, if the act may as well be done now

as later without prejudice to the public or individual welfare, we do not see how the doing of it on the Sabbath day can be said to be the doing of a work of necessity within the meaning of the statute. We fail to see how the playing of a football game must of reasonable necessity be done on the Sabbath day in order to save to participants and spectators the benefits which, it may be conceded, that form of activity is capable of affording. There thus being no reasonable necessity to play the game on the Sabbath day, we are of the opinion that the plaintiffs in error cannot claim the benefit of the statute's saving clause.

It was also contended by the plaintiffs in error that the acts which they are charged with having committed do not constitute a violation of the statute, because that portion of it upon which the charge against them is based was intended to embrace within its scope only such work, labor or business as is either (a) servile in character, or (b) done in the course of the ordinary calling of the accused; and that the plaintiffs in error not having been charged with doing the things they did in the course of their ordinary calling and the things they did not constituting work, labor or business of a servile nature, their acts are not covered by the statute.

In response to this condition, we are disposed simply to say that we adopt the views expressed upon it by the learned judge who delivered the opinion of the court below. We would add to those views only the following brief observation.

The case of *Hall v. State*, 4 *Harr.* 132, which was greatly relied upon by the plaintiffs in error and which the court below distinguished, is, in addition to the distinction referred to by that court, farther distinguishable upon the ground that in the Hall Case the court laid special emphasis upon the preculiar statutory background which lay behind the statute which the court in that case was dealing with. No analogous condition of statutory background is found in this case. Whatever of statutory development is found in connection with the statute we are now dealing with, instead of tending to show that the work, etc., which the statute prohibits, must be servile in nature or done in the course of the accused's or-

dinary calling, tends rather, as shown by the court below, in the other direction.

On their brief in this court, the plaintiffs in error, through their attorney, refer to the Hall Case as authority for the contention that the purposes of the statute is only "to compel the external observance of the day, by preventing the open show, bustle and tumult of business" and insist that the playing of an ordinary football game before an assemblage of spectators, even though such spectators paid for tickets of admission, cannot be said to offend against the purpose of the statute as so defined. In response to this, it is to be observed that the plaintiffs in error were engaged, some of them as principals and others as accessories, in a worldly employment (*Com. v. American Baseball Club of Phila., No.* 13 *May Term*, 1927, *Supreme Court of Pennsylvania*, decided June 15, 1927, 290 *Pa.* 136, 138 *A*. 497), and that if the game with its setting of players and spectators was typical of such games, there was in all probability a degree of tumult and bustle which doubtless at most of the ordinary business with which we are acquainted would in their operation be entirely incapable of rivaling.

If this statute as construed is a puritanical relic of ancient times, as is in substance argued, and its enforcement along with other strict statutory regulations of an analogous character is in danger of the damaging consequences which the plaintiffs in error conceive might flow therefrom, we have only to say that the remedy, if any is needed, should be sought before the Legislature and not before the courts whose sole duty is to expound what the law is and not determine what it should be.

The judgment of the court below is affirmed.