# STATE OF NORTH DAKOTA, Appellant, v. ISAAK DIAMOND, Respondent.

(219 N. W. 831.)

**Constitutional law — statute regulating Sunday sales does not deny equal protection of law nor does it make arbitrary classification.**

1. Section 2 of chapter 222 of the Session Laws of 1917 being § 9240 of

---

Note.—(2) On constitutionality of discrimination by Sunday law or ordinance as between different kinds of business, see annotation in 46 A.L.R. 291; 25 R. C. L. 1415; 7 R. C. L. Supp. 871.

the Supplement to the Revised Code of 1913 does not contravene the provisions of the 14th Amendment to the Constitution of the United States by denying equal protection of the law to the defendant or by making an arbitrary classification.

**Constitutional law — statute regulating Sunday sales does not grant special privileges or immunities.**

>   2. Such statute does not contravene the provisions of § 20 of the Constitution of this state, and is not subject to the charge that it grants "privileges or immunities" to certain persons, classes, businesses, or occupations "which upon the same terms shall not be granted to all citizens."

Opinion filed June 1, 1928.

Sunday, 37 Cyc. p. 542 n. 27, 29.

Appeal from the County Court of Ward County, *Murray,* J.
Reversed.

*Geo. F. Shafer,* Attorney General, *John Thorpe,* Special Assistant Attorney General, *H. E. Johnson,* State's Attorney, and *B. A. Dickinson,* Assistant State's Attorney, for appellant.

*F. J. Funke,* for respondent.

BURR, J. The defendant was informed against in the county court of Ward county for the violation of § 9240 of the Code as set forth in the Supp. being § 9240 of the Compiled Laws of 1913, as amended by § 2, chapter 222 of the Session Laws of 1917. The information, omitting the formal parts, reads as follows:

"That at said time and place the said Isaak Diamond did wilfully and unlawfully sell publicly and offer and expose for public sale after 10 o'clock A. M. on said day commodities to wit: groceries, not intended to be eaten upon the premises where sold, and not excepted by § 9240 Supplement to 1913 Compiled Laws of North Dakota, upon the first day of the week."

To this information the defendant demurred on the ground that "the facts stated therein did not constitute a public offense." The county court sustained the demurrer and the state appeals.

The section under attack reads as follows:

"All manner of public selling or offering or exposing for sale publicly, of any commodity upon the first day of the week is prohibited; except-

ing that meats and fish may be sold at any time before 10 o'clock A. M., and excepting that foods may be sold to be eaten upon the premises where sold, and drugs, medicines, surgical appliances, milk, ice cream and soda fountain dispensations, fruits, candy and confectionery, tobacco and cigars, newspapers and magazines may be sold at any time of the day, provided that none of said articles or commodities shall be sold in any billiard hall, pool hall, bowling alley, temperance saloon or any other place where gaming of any kind is conducted unless said gaming is discontinued from 12 o'clock midnight on Saturday night until 6 A. M. on Monday."

Defendant says this law is unconstitutional. It is on this theory the demurrer was interposed and sustained and this is the issue argued in the appellate court.

It is claimed this law "denies to the appellant (defendant) equal protection of the law; and that it contravenes the provisions of the 14th Amendment to the Constitution" of the United States.

There is no merit in this contention. Equal protection is not denied this defendant as compared with others in the same situation, engaged in the same kind of business, and under the same conditions. This is one of the principal tests. See Lindsley v. Natural Carbonic Gas Co. 220 U. S. 61, 55 L. ed. 369, 31 Sup. Ct. Rep. 337, Ann. Cas. 1912C, 160. There are no burdens cast upon the defendant that are not cast upon others in exactly the same situation. As pointed out in Tinsley v. Anderson, 171 U. S. 101, 106, 43 L. ed. 91, 97, 18 Sup. Ct. Rep. 805, the equal protection of a statute is not denied when it is apparent that the law applies to any other person in the state under similar circumstances and conditions. To give equal protection the law need not apply to other persons simply because he is a person. This would prevent even reasonable classification. All that is required is that the law operate equally upon all persons within a class, and that the classification be reasonable and not arbitrary. See Williams v. Arkansas, 217 U. S. 79, 54 L. ed. 673, 30 Sup. Ct. Rep. 493, 18 Ann. Cas. 865; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 293, 42 L. ed. 1042, 18 Sup. Ct. Rep. 594.

The Supreme Court of the United States in Petit v. Minnesota, 177 U. S. 164, 44 L. ed. 716, 20 Sup. Ct. Rep. 666, upheld a "barber shop

closing" law as constitutional even though it was claimed an occupation was singled, saying:

"We . . . perceive no adequate grounds for interfering with the wide discretion confessedly exercised by the states in these matters, by holding that the classification was so palpably arbitrary as to bring the law into conflict with the Federal Constitution."

The defendant says this law violates § 20 of the Constitution of this state. Section 20 says:

"No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens."

It is the theory of the defendant that this law gives special privileges and immunities to persons who sell drugs, medicine, etc.

The right of the state in the exercise of its police power to control public business on the first day of the week and prohibit the conduct of certain businesses is so well established as a principle of jurisprudence in this country that we need not enter into any exhaustive analysis of the same. This court in the case of State ex rel. Temple v. Barnes, 22 N. D. 18, 37 L.R.A.(N.S.) 114, 132 N. W. 215, Ann. Cas. 1913E, 930, goes into the genesis, history and spirit of such legislation.

The matter before us concerns the classification employed in the statute. Section 9240 as set forth in Comp. Laws 1913, says:

"All manner of public selling, or offering or exposing for sale publicly, of any commodities upon the first day of the week, is prohibited, except that meats, milk, and fish may be sold at any time before 9 o'clock in the morning, and except that food may be sold to be eaten upon the premises where sold, and drugs and medicines and surgical appliances may be sold at any time of the day."

Chapter 222 of the Sess. Laws 1917 amends this section by increasing to some extent the exceptions set forth in the old section. Heretofore "meats, milk, and fish may be sold at any time before 9 o'clock in the morning." Food could be sold in hotels, restaurants, and eating places, "and drugs and medicine and surgical appliances can be sold at any time of the day." To this chapter 222 adds "ice cream, soda fountain dispensations, fruits, candy, and confectionery, tobacco and

cigars, newspapers and magazines," which may be sold at any time of the day, and permits the sale of milk at any time of the day.

The underlying principle which permitted the carrying on of certain businesses on the first day of the week and prohibited others is that the state in the exercise of its police power has the right to prescribe a day of rest for the public in the interest of public health, morals, and recreation, and theoretically one day in the week is as beneficial as any other day, from the standpoint of the state. But the state has a perfect right to specify as the state rest day such day as by the general consensus of the opinion of its citizens is "the" day set apart for rest and recreation.

Legislative bodies recognize that it is expedient to have some exceptions to a general prohibition, and therefore the state adopts the usual and ordinary test that the exceptions permitted are such as would be demanded by "necessity and mercy." Hence the sale of certain food products which ordinarily may spoil, food to be eaten, those commodities which at one time might have been classed as luxuries but have since become necessities as well as accessories in the form of tobacco and cigars, may be deemed necessities. The legislature has the power, within reasonable limitation to declare what are necessities and to make the classifications. The emergency clause attached to chapter 222 shows that the statute was passed in the exercise of the police power of the state.

Because the state has the power to prohibit "all manner of public selling, or offering or exposing for sale, publicly" and then in its discretion believes it wise to permit some exceptions to this general rule, does not make the public sale of any commodity remaining under the ban any less illegal.

The main test of a classification is whether it is reasonable. "If a law regulating a business remaining open on Sunday and prohibiting certain occupations on that day is a valid exercise of the police power, it is not invalid . . . as depriving persons of the equal protection of the laws contrary to the Constitution of the United States Amendment 14." Re Sumida, 177 Cal. 388, 170 Pac. 823.

The supreme court of Idaho had occasion to pass upon a statute very similar to the one involved. In the case of State v. Dolan, 13

Idaho, 693, 14 L.R.A.(N.S.) 1259, 92 Pac. 995, it unanimously upheld the statute as being constitutional. The court there states:

"The legislature is the judge of a proper classification under a Sunday-rest law; and this discretion will not be interfered with, unless such law violates some provisions of the Constitution."

The same objection was raised in the case cited as is raised in the case at bar that it violated that provision of the Constitution of Idaho which prohibits the granting of "special privileges and immunities to one citizen or class of citizens" which upon the same terms shall not be granted to all citizens. The supreme court of Idaho recognizes the basic principle of "necessity of charity," as being the main test for a classification.

State ex rel. Hoffman v. Justus, 91 Minn. 447, 64 L.R.A. 510, 103 Am. St. Rep. 521, 98 N. W. 325, 1 Ann. Cas. 91, holds that a law which prohibits "the keeping open of butcher shops for the sale of meats and other business places on any portion of Sunday, while it authorizes confectionery and tobacco to be sold in an orderly manner on that day" is not such an unreasonable discrimination as to violate the constitutional provision prohibiting special or class legislation.

No two persons agree as to what is a "necessity" or what is necessary for charity or mercy. The legislature primarily makes the classification. It is possible some would not place in the excepted class such commodities as tobacco and cigars. Others may say the sale of "newspapers and magazines" was not a necessity. The legislature has a right to so declare them within the excepted class and permit the sale of these on the day of rest.

Permitting professional baseball while prohibiting .the exercise of other occupations on the first day of the week is held in the case of Carr v. State, 175 Ind. 241, 32 L.R.A.(N.S.) 1190, 93 N. E. 1071, not to be an arbitrary act of classification. On the other hand prohibiting the selling of tickets for professional games and the playing of football on the first day of the week is held by the supreme court of Delaware to be within the power of the legislature, and as a reasonable classification on the theory of "work of necessity or charity on the Sabbath day." See Walsh v. State, — Del. —, 56 A.L.R. 810, 139 .Atl. 257. Generally the question of classification is for the legislature. And as said in this case last cited:

"It is court's sole duty to expound what law is, and not to determine what it should be."

The issue involved does not violate either the 14th Amendment to the Constitution of the United States nor § 20 of the Constitution of this state. Therefore the demurrer should have been overruled.

The decision of the county court is reversed and the case remanded for further proceedings.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.