## GRONLUND v. SALT LAKE CITY et al.

No. 7059.  Decided June 3, 1948.  (194 P. 2d 464.)

See 60 C. J. Sunday, Sec. 8. Constitutionality of discrimination by Sunday law or ordinance as between diferent kinds of business, see note, 119 A. L. R. 752. See, also, 50 Am. Jur. 810.

*Arthur H. Nielsen,* of Salt Lake City, for appellant.

*Christenson & Christenson,* of Provo, amicus curiae.

*E. R. Christensen, Homer Holmgren,* and *A. Pratt Kesler,* all of Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

Plaintiff instituted action under the declaratory judgment statute to have the court adjudge invalid as not within

the powers granted to municipal corporations and unconstitutional as discriminatory, a Salt Lake City ordinance known as the "Sunday Closing Ordinance." The court sustained a demurrer to the complaint, and on refusal of plaintiff to amend, the action was dismissed, and plaintiff appeals. The sole question to be determined is whether the complaint states a cause of action. If the Sunday closing ordinance is constitutional and otherwise valid, the lower court properly sustained the demurrer.

Appellant, by appropriate assignments of error, attacks the validity of the questioned ordinance on the same grounds as asserted by his complaint below. Section 4862 of the Revised Ordinances of Salt Lake City, Utah, 1944, the ordinances under attack, was ostensibly adopted to promote the peace, health and safety of the inhabitants of Salt Lake City. It reads as follows:

"Sec. 4862. Closing of Businesses on Sunday. It shall be unlawful for any person to offer or expose for sale, or sell in or from a place of business located in Salt Lake City, any commodity upon the first day of the week, commonly called Sunday; excepting that foods may be sold to be eaten on the premises where sold; fruits and vegetables sold by the producer on the premises where produced; and drugs, medicines, surgical appliances; fresh milk; ice cream and soda fountain dispensations; candy and confections; bottled soft drinks; bread and bakery products; ice; gasoline and oil; tobacco and cigars; dentifrices and toiletries; newspapers and magazines; sporting equipment (but not including sports clothing); beer; nursery products, such as trees, shrubs, flowers, plants, and bedding plants; and parts and equipment for automobiles and other vehicles which are necessary to be installed for repair purposes on Sunday, may be sold."

The contention of appellant that the ordinance in question is an invalid extension of the powers granted by the State of Utah to municipal corporations, and the contention that it is unconstitutional by reason of being arbitrarily discriminatory, are closely related. It is conceded by appellant that under relevant statutes of this state pertaining to the grant of municipal powers, prohibition by ordinance of commercial pursuits on Sunday is valid where the prohibition bears a reasonable relation

to the preservation of health or tends to improve the morals, peace and good order of the community, so long as it also violates no constitutional provision and does not conflict with general state law. But appellant contends that the ordinance as framed, since it does not extend to all vocations and to the sale of all merchandise except necessaries, is not designed to effect the purposes for which limited police powers are granted to municipalities.

The authority of a state to enact Sunday closing laws is generally referable to the police power of the State. *Broadbent* v. *Gibson et al.,* 105 Utah 53, 140 P. 2d 939, 943, and *State v. Sopher,* 25 Utah 318, 71 P. 482, 60 L. R. A. 468, 95 Am. St. Rep. 845. The power granted to municipalities by Section 15-8-84, U. C. A. 1943 to

"pass all ordinances and rules, and make all regulations not repugnant to law * * * as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof,"

is sufficiently comprehensive in our opinion to grant authority to pass a Sunday closing ordinance otherwise valid.

"Welfare clauses providing in a general way that cities shall have power to enact such bylaws and ordinances as may be necessary to provide for the safety and peace of its citizens, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of the inhabitants thereof, are generally held to include the power to make Sunday closing regulations." 50 Am. Jur. p. 805.

And see *Mt. Vernon* v. *Julian,* 369 Ill. 447, 17 N. E. 2d 52, 119 A. L. R. 747.

Such being the case, the narrower question confronts us: Is the ordinance of Salt Lake City adapted to accomplish the objects or some of them for the accomplishment of which the power is granted, or is it rather an arbitrary exercise of the assumed grant of power and hence not within the intendment of the legislative grant of power and therefore

violative of constitutional guarantees against unreasonable discrimination?

In seeking the answer to the question thus stated, it may be helpful here to reassert certain guiding concepts voiced by this court in *Broadbent* v. *Gibson,* supra. In determining constitutionality, statutes are presumed to be constitutional until the contrary is clearly shown. The constitutionality of general Sunday closing laws is no longer to be doubted. The purpose of such statutes is to protect society by establishing a compulsory day of rest. In determining whether or not a classification made by a legislative body is unconstitutional it must be remembered that discrimination is the very essence of classification and is not objectionable unless founded upon distinctions which the court is compelled to find unreasonable. In 12 Am. Jur., p. 217, sec. 521, the following rule is enunciated:

"Before a court can interfere with the legislative judgment it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others which it leaves untouched."

In *State* v. *Mason,* 94 Utah 501, at page 508, 78 P. 2d 920, 923, 117 A. L. R. 330, we stated:

"In order to see whether the excluded classes or transactions are on a different basis than those included, we must look to the purpose, of the act. The objects and purposes of a law present the touchstone for determining proper and improper classifications."

With these criteria in mind, we address ourselves to the provisions of the ordinance. First to be noted is that it is not a general Sunday closing law in the sense that it prohibits the performance of labor and the pursuit of gainful occupation— works of charity and necessity excepted—on Sunday. It has reference only to mercantile pursuits, indirectly limiting those pursuits by preventing the sale on that day of all commodities with specified exceptions. Nothing in the ordinance prohibits manufacturing, transportation, personal service, warehousing,

or the pursuits of the mechanics and the artisans. Building contractors and the artisans employed by them may carry on Sunday work. Banks, pawn shops, laundries, and cleaning establishments, automobile and appliance repair shops, barber shops and beauty parlors, to mention but a few of the commercial activities which it is common knowledge are carried on within the corporate limits of Salt Lake City, may operate in the usual manner on Sunday.

Whether the purpose of the ordinance in question be conformable to the original purpose of such acts, to protect religious observance of the Sabbath or that of the protection of society by establishing a compulsory day of rest, it is not clear why the prohibition of the sale of commodities is in furtherance of such purpose or object and the prohibition of the various permitted commercial activities is not. It is difficult to conceive why it is promotive of the health, safety, morals, peace, good order, comfort and convenience of the inhabitants of Salt Lake City to prohibit in effect the working of a salesman or saleswoman on Sunday, while permitting the employment of common laborers, artisans, stenographers and laundresses.

We are not advised that the work of a seller of haberdashery is so much more arduous than that of a ditch digger as to require that the law protect the former and not the latter from the posibility of being employed seven days a week. While the ordinance does not expressly prohibit the carrying on of businesses of a particular type, we cannot close our eyes to the fact that its necessary effect is to do so. A clothing, hardware, or jewelry store does not engage in selling any of the excepted products, nor would it be economically feasible for a large grocery or vegetable store to open its doors on Sunday for the sale of milk, tobacco and candy. As thus viewed and as gauged by the grant of municipal power hereinabove referred to, we find the prohibitions of the ordinance bear no reasonable relationship to the objectives to be accomplished by enactments made pursuant to such grant. Of this ordinance, it can be said that

"there is no fair reason for the law that would not require with equal force its extension to others which it leaves untouched."

In *Broadbent* v. *Gibson,* supra, we held a state Sunday closing law unconstitutional because it was arbitrarily discriminatory. The discriminatory features of that act upon which its condemnation rested were: It permitted the sale by persons and firms of commodities which others similarly situated were prohibited from selling; and further, since the law had state-wide application, it in effect discriminated between localities, in that the sale on Sunday of certain commodities such as confections and tobacco was permitted by only designated types of stores, e. g., confections from a confectionery, tobacco from a tobacco store. Hence, in small communities where there are only "general stores," such commodities could not be purchased or sold.

We also pointed out that the questioned statute failed to specifically exempt [105 Utah 53, 140 P. 2d 944] "works of necessity," and stated that unless there were read into the statute an implied exemption of "necessities," the statute would be invalid.

In the course of the opinion the various types of Sunday closing statutes were classified. One class was composed of statutes which provide that all places of business are to close on Sunday, but which exempt from the provisions of the act the sale of certain commodities. The following quotation from the opinion relative to such type of statute is cited by respondent as supporting the validity of the Salt Lake City ordinance:

"This type of statute is almost uniformly upheld. The courts point out that any one can sell any one of the exempted commodities and that there is, therefore, no discrimination as long as the legislature stays within proper limits in providing for exceptions." *State* v. *Diamond,* 56 N. D. 854, 219 N. W. 831, 833; *Theisen* v. *McDavid,* 34 Fla. 440, 16 So. 321, 26 L. R. A. 234; *City of Seattle* v. *Gervasi,* 144 Wash. 429, 258 P. 328; *State* v. *Dolan,* 13 Idaho 693, 92 P. 995, 14 L. R. A., N. S., 1259. See note in 46 A. L. R. 292, and 119 A. L. R. 752.

Of the cases cited in support of the proposition stated it is to be noted that *City of Seattle* v. *Gervasi,* supra; *State*

v. *Dolan,* supra, and *State* v. *Diamond,* supra, involve general Sunday closing laws. While the opinion of the court in the *Diamond* case does not so reveal, reference to Comp. Laws of North Dakota 1913, indicates that the section allegedly violated, is but one of the numerous sections of Chapter 4 of the Penal Code entitled "Crimes Against Religion And Conscience," the provisions of which prohibit on Sunday all servile labor, public sports, trades manufacturing and mechanical employments, and the serving of process. *Theisen* v. *McDavid,* supra [34 Fla. 440, 16 So. 322], decided in 1894, prohibits only the sale and offering for sale of commodities, with exceptions, which exceptions include the sale (but not the offering for sale or keeping open of a place of business) of the comforts and necessities of life "in cases of emergency or necessity."

The principal attack upon the ordinance in question in the brief and argument on behalf of appellant is directed at the exceptions in the enactment from the general prohibition against sale and offering for sale of commodities on Sunday. In view of what we have said hereinabove as to the ordinance not being a general Sunday closing law designed to accomplish the purposes it purports to effect, we shall devote little space to the argument made as to discrimination between the sale of commodities. Even bearing in mind the rule that the classification upon which a Sunday closing law is based is within the discretion of the legislative branch and hence will be upheld unless clearly arbitrary, it is difficult to conceive of a fair reason for some of the items excepted. It is readily apparent that some of the exceptions are clearly based on necessity. But as to others, even considering the desirability of promoting recreational activity on Sunday, no fair reason suggests itself as to why their sale should be permitted on Sunday while the sale of other commodities is prohibited. Neither sporting equipment nor nursery products are such from the standpoint of the buyer or seller that they cannot be purchased on a week day, though it is the intention of the buyer to use the equipment and plant the tree or flowers on

a Sunday. Neither is likely to deteriorate over Saturday night or be depleted during Sunday. Boxing gloves and baseball bats are at least as staple as butter and bananas. The same may be said of dentifrices and toiletries, tobacco and beer. The classification being on a commodity basis, it is arbitrary to permit the sale of a can of beer on Sunday and prohibit the sale of a can of orange juice or a can of coffee.

For the reasons stated, the judgment below is reversed with directions to overrule the demurrer of defendants and to take such further proceedings as are consistent with this opinion. Costs to appellant.

PRATT, WADE, WOLFE, and LATIMER, JJ., concur.