**HART HEALTH STUDIO et al.,
Plaintiffs and Respondents,**

v.

**SALT LAKE COUNTY et al.,
Defendants and Appellants.**

**No. 15164.**

Supreme Court of Utah.

March 17, 1978.

R. Paul Van Dam, Salt Lake County Atty., Donald Sawaya, Chief Deputy County Atty., Marcus Theodore, Deputy County Atty., Salt Lake City, for defendants and appellants.

Phil L. Hansen of Phil L. Hansen & Associates, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

The Board of County Commissioners of Salt Lake County on January 24, 1977, enacted Chapter 18, Title 15 of the Revised Ordinances of Salt Lake County, 1966, as amended, entitled "Massages," which became effective February 15, 1977. The

plaintiffs, being sole proprietors and massage parlor licensees in Salt Lake County, filed suit on the 14th day of February, 1977, seeking declaratory and injunctive relief. The amended complaint challenged the constitutionality of Section 15–18–3(d) and (e) and Section 15–18–6(3), (4), (5) and (10) of these revised ordinances as being in violation of the Constitution and laws of the State of Utah and the Constitution of the United States. Defendants' motion for summary judgment was heard March 10, 1977, before the District Court of Salt Lake County. That Court, on April 1, 1977, partially granted the defendants' motion for summary judgment, finding all the contested sections of the statute valid, constitutional, and enforceable except Section 15–18–3(d), which was held to be discriminatory and unlawful. This section states that a $5,000 license fee would be charged to any massage parlor operating within 12 months at the same location of another massage parlor which had had its license revoked.

Plaintiffs seek reversal of the District Court's order insofar as it held Sections 15–18–3(e) and 15–18–6(3), (4), (5) and (10) constitutional. Defendants do not challenge the finding by the District Court that Section 15–18–3(d) is discriminatory and unlawful.

The sections challenged read as follows:

Section 15–18–3. License Fees. Effective January 1, 1977, the following annual license fees shall be charged:

(e) For any massage parlor employing any of the masseurs who worked at any massage parlor business whose massage parlor license had been revoked within the past 12 months period, by the Board of County Commissioners: $5,000.00.

Section 15–18–6. Unlawful Conduct. The following acts are prohibited from being performed by masseurs, massage parlor licensees, or sole practitioner.

(3) The allowance of masseurs to massage persons of the opposite sex, unless a performance or cash bond, payable to Salt Lake County, in the amount of $5,000 is first posted by the massage parlor licensee to insure his masseurs' compliance with all of the provisions of this ordinance.

(4) The massage of persons of the opposite sex by a massage parlor licensee, unless a performance or cash bond payable to Salt Lake County, in the amount of $5,000 is first posted by the massage parlor licensee to insure his compliance with the provisions of this ordinance.

(5) The massage persons of the opposite sex by a sole practitioner between the hours of 7:00 p. m. and 7:00 o'clock a. m.

(10) The operation of a massage parlor between the hours of 1:00 o'clock A.M. and 7:00 o'clock A.M. of any day, except that, during the calendar period of May 1 through October 31 of any year, both dates inclusive, the hours of unlawful operation shall be between the hours of 2:00 o'clock A.M. and 7:00 o'clock A.M. of any day.

Other pertinent definitions in the ordinance in relevant parts are:

Section 15–18–1(2). A 'masseur' is any person . . . who is employed by a massage parlor to engage in . . . treatments to another person by the application of manual and/or mechanical manipulation or massage . . ..

Section 15–18–1(3). A 'massage parlor' is [an] . . . establishment where two or more licensed masseurs . . . [give] massages.

Section 15–18–1(4). A 'sole practitioner' is any self-employed individual utilizing a . . . building . . . wherein no other masseur or . . . practitioner is operating; for the purpose . . . giving massages.

Section 15–18–3. . . . the following license fees shall be charged:

(a) For a massage parlor: $250.00

(b) For a sole practitioner: $25.00

(c) For a masseur: $25.00

In this opinion, our concern basically centers on considerations of equal protection,[1] which we consider dispositive, and therefore other matters raised by plaintiffs are not discussed.

 It is fundamental that the regulation of business—and specifically this type of business—is within the police power of the state, and that regulating legislation is presumed valid where differentiating classes provided by it are reasonably and rationally related to a legitimate legislative objective.[2] The objective of the subject legislation is to proscribe the use of the massage business for immoral or indecent purposes. The issue in this case is whether any or all of the differentiations in the challenged section, ante, are rationally related to this objective. And we hold that they are not.

Section 15–18–3(e) imposes an annual license fee of $5,000 on a licensee, whose annual fee but for this section would be $250.

 The imposition of this $5,000 license fee is related neither to the violation of a county ordinance by the licensee, who must pay the fee, nor to a violation by the employee—masseur but instead is based on a violation of an ordinance by a *former* employer of the employee. This class of employees and employers is discriminated against and without reasonable relationship to eliminating immorality.

We also believe this section of the ordinance is somewhat like the old bills of pains and penalties (special acts of a legislature which inflict punishment on persons without any conviction by the ordinary course of judicial proceedings), prohibited by the Utah and U.S. Constitutions.[3] The ordinance clearly penalizes the masseur and his employer without a trial or conviction, and thus is clearly invalid and unenforceable under the constitutional provisions cited.

In the classifications of the remaining challenged sections, sole practitioners constitute one class, and massage parlors constitute the other class. The only difference between these two classes is that the sole practitioner practices alone, while the massage parlor consists of two or more practitioners.

Under subsection (10), two or more masseurs working together must close their business at one o'clock a. m. during certain months, and at two o'clock a. m. during other months, whether or not they or any employee is performing massages on persons of the opposite sex. If said two or more masseurs choose to perform this type of massage, a bond in the amount of $5,000 must be posted, pursuant to either subsection (3) or (4).

A sole practitioner, on the other hand, is not required to close his doors at all, nor is he required to post any bond if he chooses to perform massages on persons of the opposite sex. His only restriction is that he is prohibited from performing massages on those of the opposite sex between the hours of seven o'clock p. m. and seven o'clock a. m.

There is no statement in the ordinance itself which would shed light on the intent in drawing the differences between the two classes, nor any indication of how these differences are related to their objective of controlling and regulating immoral and indecent practices within the massage business.

On appeal respondents advance three arguments which they contend were in the contemplation of the Commissioners and justify the classification and different treatment of the two classes.

1. See Constitution of Utah, Art. I, Sec. 2 and United States Constitution, Amend. XIV, Sec. 1.

2. See Tribe, *American Constitutional Law,* 1978, Chapter 16, Sec. 2. Also see *Gronlund v. Salt Lake City,* 113 Utah 284, 194 P.2d 464 (1948); *Kisley v. The City of Falls Church,* 212 Va. 693, 187 S.E.2d 168, cert. den. for want of a substantial federal question, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972); *Smith v. Keator,* 285 N.C. 530, 206 S.E.2d 203 (1974); *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

3. See Utah Constitution, Article I, Sec. 18; and U.S. Constitution, Article I, Sec. 10.

First they contend that the ordinance with its separate classes, as drawn, was a compromise between the ordinances of Salt Lake City which ban massages by one on those of the opposite sex altogether, and the ordinances of Murray City, which require an annual $5,000 license fee for administering such massages. Such compromises, of course, often result in irrational, discriminatory and arbitrary classifications. Second, respondents contend that the policing of the two classes is entirely different. If this be so, respondents have failed to show how it is either easier or more difficult to police the business premises of a sole practitioner, as opposed to the business premises of two or more masseurs practicing together, so as to justify the setting of different business hours or the posting of bonds in the one case and not the other. Third, respondents contend that the Commissioners intended to make a distinction between therapeutic massages and "pleasure-type" massages. If the classes were in fact drawn along lines of this distinction, there might be reason to treat the classes differently. But we do not see that the classes as actually drawn have any rational relation to that distinction. There is nothing in the ordinance which prohibits a sole practitioner from administering "pleasure" massages, nor anything which prohibits a parlor from administering therapeutic massages.

We perceive no reasonable basis on which to make the distinction between these two classes of practitioners,[4] and none have been shown to us. We therefore are compelled to conclude that these distinctions are arbitrary and unreasonable, and that Sections 15–18–6(3), (4), (5) and (10) of the Salt Lake County Revised Ordinances as well as Sec. 15–18–3(e), noted ante, are invalid and unenforceable.

The Order of the District Court, insofar as it held constitutional Sections 15–18–3(e) and 15–18–6(3), (4), (5) and (10) of the Revised Ordinances of Salt Lake County, is reversed, and this case is remanded with instructions to the District Court to enter its judgment consistent with this opinion. No costs awarded.

CROCKETT, MAUGHAN and HALL, JJ., concur.

ELLETT, C. J., dissents.

---

4. See Tribe, supra, note 2, at Chapter 16, Sections 2 and 3.