**Elwood L. LIEDTKE, Plaintiff and Appellant,**

v.

**Mr. and Mrs. Carl SCHETTLER, Defendants and Respondents.**

**No. 18106.**

Supreme Court of Utah.

June 30, 1982.

Robert Van Sciver, Edward K. Brass, Salt Lake City, for plaintiff and appellant.

---

Mr. and Mrs. Carl Schettler, pro se.

PER CURIAM:

We are asked to measure § 78–6–10, Utah Code Ann. 1953, as amended, against the guarantee in Article I, § 24, Utah Constitution that all laws of a general nature shall have uniform operation.[1]

Plaintiff filed a complaint against defendants in the small claims division of the Fifth Circuit Court, Salt Lake Department, and defendants counterclaimed. At the trial on the matter, each party's complaint was dismissed for no cause of action. Thereafter, plaintiff filed a timely appeal in the district court for Salt Lake County, but defendants did not appeal. In the district court, plaintiff's complaint was dismissed on the ground that § 78–6–10 does not permit an appeal by a plaintiff from the dismissal of his complaint in a small claims court.

Plaintiff appeals from the district court judgment, contending that § 78–6–10 is unconstitutional under Article I, § 24 of the Constitution of Utah.

The small claims courts were established as separate departments of justice of the peace courts and circuit courts in this state for the purpose of providing speedy adjudication of money claims not exceeding $400. Sections 78–6–1, *et seq.*, provide expedited procedure, reduced filing fees, and informal presentation of evidence and witnesses in small claims courts, so that the fees for an attorney may be avoided.

The challenged statute provides:

78–6–10. The judgment of said court shall be conclusive upon the plaintiff unless a counterclaim has been interposed. If the defendant is dissatisfied, he may, within five days from the entry of said judgment against him, appeal to the district court of the county in which said court is held. Such district court may award the prevailing party on such appeal a reasonable attorney's fee to be fixed by the court.

Under this statute, plaintiff may appeal only from judgment against him granted on a counterclaim to defendants. The judgment on his own complaint is conclusive upon him. Defendants are afforded an appeal from any judgment.

Statutes which treat classes of citizens differently do not offend equal protection guarantees unless the classification and different treatment bear no rational relationship to the objective of the legislation. *State v. J. B. and R. E. Walker, Inc.*, 100 Utah 523, 116 P.2d 766 (1941); *Gronlund v. Salt Lake City*, 113 Utah 284, 194 P.2d 464 (1948). Plaintiff contends that there is no rational basis to deny him a right to appeal while granting full right to appeal to the defendants in small claims courts. Plaintiff argues that since § 76–6–11 provides for a trial de novo upon appeal from these courts, the classification in § 76–6–10, and different treatment of the litigants does not promote the objective of speedy adjudication of claims, as defendant may always thwart that purpose by appealing.

We see the matter in a different light. Plaintiff has the choice of filing his complaint in the small claims court, the circuit court, or the district court, all of which would have concurrent jurisdiction in this matter. Having chosen the least costly forum and the most expeditious method of litigating his claim, plaintiff is bound by the rules of procedure in that forum, as set by the legislature.

Defendant, on the other hand, has not chosen the forum, but is bound by the expedited procedures in the small claims court, which include a shorter time to answer plaintiff's complaint than afforded in other courts, and a shorter appeal period.[2] Defendants are thus afforded a trial de novo

---

[1]. This provision of our Utah Constitution is generally considered the equivalent of the Equal Protection Clause of the 14th Amendment, U.S. Constitution. See, e.g., *Cannon v. Oviatt*, Utah, 520 P.2d 883 (1974).

[2]. See *Larson Ford Sales v. Silver*, Utah, 551 P.2d 233 (1976), in which this Court upheld the constitutionality of the statute in question here, upon a challenge to the five-day appeal period on equal protection grounds.

in a forum which does not have these limitations.

Under § 78–6–11, an appeal by plaintiff from an adverse judgment on his own complaint would afford plaintiff a trial de novo—thus two choices of forum—and would entirely defeat the objective of speedy adjudication of small claims. We do not find it to be unreasonable, nor a denial of equal protection, for the legislature to deny plaintiff two such bites of the apple.

Affirmed. No costs awarded.